UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOCELYN PIERRE, on behalf of himself
and others similarly situated

      Plaintiff,                                    CASE NO.:

v.

SUPER NICE STS, INC. d/b/a
TRANSPORTATION AMERICA, and
RAYMOND GONZALEZ,

      Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Jocelyn Pierre ("Plaintiff" or "Pierre"), brings this action on behalf of himself and a class of other similarly situated, against Defendants, Super Nice STS, Inc., a Florida Profit Corporation (d/b/a Transportation America) ("Defendant" or "STS") and Raymond Gonzalez, individually, ("Defendant" or "RG")(collectively, "Defendants") for back unpaid overtime wages in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("the FLSA"). Plaintiff seeks conditional certification, damages, a declaration of rights, and permanent injunctive relief for himself and all class members.

## PARTIES

1. Plaintiff, Jocelyn Pierre, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half his regular rate of pay for all time he spent working over 40 hours per week from Defendants.

2. Mr. Pierre consents to participate in this lawsuit by filing a Consent to Become Party Plaintiff in this matter.

3. Defendant, STS, is a Florida for-profit company that conducts its for-profit paratransit business in Florida, and it is *sui juris*. STS also does business under the trade name Transportation America, and maintains its principal place of business in Miami-Dade County, Florida.

4. Defendant, RG, was and is the owner and operator of STS for the relevant limitations period under the FLSA. To that end, RG, ran the day-to-day operations of STS and was responsible for determining the schedules, wages paid, to Plaintiff and to the other drivers, and hiring and firing of employees.

5. Defendants, jointly and severally, were Plaintiff (and the putative class') direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff and others similarly situated.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this district, and the actions complained of occurred in this district.

7. Defendants have been at all times material engaged in interstate commerce in the course of their transporting patients to and locations within South Florida for medical and healthcare-related appointments. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical providers and insurance companies.

8. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for each year of the relevant FLSA statute of limitations.

9. Defendants own and operate a transportation service that operates throughout

South Florida and utilize cars, vans, computers, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

10. In particular, Defendants have advertised on the internet that they utilize nearly two hundred vehicles and have nearly two hundred employees:

> With a fleet of 154 vehicles, Super Nice STS is not just one of Miami-Dade County's largest paratransit providers; it's also one of the most versatile. We maintain both small and large vans outfitted with wheelchair-accessible lift equipment as well as spacious sedans to accommodate a broad range of passenger needs. As well, we offer services on fixed and modified-fixed routes, curb-to-curb, door-to-door or even on an advance reservation basis. Our drivers are skilled and personable. Our vehicles are well maintained. And our services are fully compliant with all FADA guidelines.

11. Plaintiff worked for Defendants during the relevant limitations period, transporting local patients to and from their medical appointments for Defendants. To the extent that records exist regarding the exact dates of this Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

13. Plaintiff drove a vehicle owned by Defendants that is not a covered vehicle under the Motor Carrier Act exemption to the FLSA.

14. Among other things, such as averaging hours during a pay period rather than calculating overtime weekly, Defendants did not allow Plaintiff to take lunch breaks, and was aware that Plaintiff was not taking lunch breaks, but the lunch breaks were auto-deducted during each shift Plaintiff worked for Defendant, resulting in the loss of anywhere between 2 to 2.5 hours of time deducted from Plaintiff (and the putative class') pay each week.

15. These deducted hours should have been paid as overtime hours because they allowed Plaintiff to exceed forty (40) hours per week.

16. Therefore, Defendants, failed and refused to pay Plaintiff and its other drivers/employees proper overtime wages calculated at time and one-half of their regular hourly rates for all hours worked over forty (40) hours in a given workweek.

17. Defendants have been sued on other occasions by former employees similarly situated to Plaintiff and the proposed class on this exact issue.

18. Plaintiff has retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

19. The additional persons who may become Plaintiffs in this action are all current and former employees of Defendants who are, and who were, subjected to the payroll practices and procedures of Defendants and who were not paid proper overtime wages as described above. These additional persons are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

## OVERTIME VIOLATION UNDER THE FLSA

20. Plaintiff, Jocelyn Pierre, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows -

21. Defendants willfully and intentionally refused to pay Plaintiff and their other similarly situated current and former employees/drivers wages at a rate of one and one-half times the regular rate of pay for each of the overtime hours they worked during the relevant time period.

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff and their other similarly situated current and former employees/drivers an overtime wage for all overtime hours they worked during the relevant time period violated the FLSA.

4

23. Plaintiff and the members of the putative class are entitled to a back pay award of overtime wages for all overtime hours worked, an equal amount of liquidated damages, and all attorneys' fees and costs.

WHEREFORE Plaintiff, Jocelyn Pierre, demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

    a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings;

    b. That the named Plaintiff and all class members who opt in recover compensatory damages and an equal amount of liquidated damages as provided under the law pursuant to 29 U.S.C. § 216(b);

    c. That Plaintiff and the class recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

    d. That the Defendants be Ordered to make the Plaintiff and all class members who opt-in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    e. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 12, 2017

Respectfully submitted,

By: _____
Richard Celler, Esq.
Florida Bar No. 017330
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*