UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-CV-21767-CMA

JOCELYN PIERRE, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

SUPER NICE STS, INC. d/b/a
TRANSPORTATION AMERICA, and
RAYMOND GONZALEZ,

    Defendants.
_____/

### JOINT MOTION TO REOPEN CASE AND FOR
### FOR APPROVAL OF SETTLEMENT AGREEMENT
### AND TO DISMISS CASE WITH PREJUDICE

Plaintiff, JOCELYN PIERRE, ("Plaintiff"), and Defendants, SUPER NICE STS, INC., a Florida corporation, and RAYMOND GONZALEZ, ("Defendants"), by and through their undersigned counsel, hereby file this Joint Motion to Reopen Case and for Approval of Settlement Agreement and to Dismiss Case with Prejudice and state the following:

    1.    On May 12, 2017, Plaintiff filed the instant lawsuit alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by allegedly failing to pay him overtime compensation. [DE 1].

    2.    On June 6, 2017, Defendants filed an Unopposed Motion to Compel Arbitration [DE 11] which was granted on the same day [DE 12]. In this Court's June 6, 2017, Order, this Court held that: "This case is STAYED pending resolution of arbitration. Furthermore, the case is ADMINISTRATIVELY CLOSED, for statistical purposes only, without prejudice to the

substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time."

3. An arbitration proceeding was then commenced before the American Arbitration Association, ("AAA").

4. While this matter was pending before the AAA, the parties reached a settlement and now seek to allow the Court to determine the fairness of the settlement.

5. Defendants in the instant case denied liability towards Plaintiff and contend that he was paid in full for all hours worked and was paid for all overtime worked at the rate of time and one-half. The Plaintiff and his counsel were provided with all documentation Defendants believe demonstrates that no improper deductions were taken as originally alleged in the complaint. However, due to the uncertainties and costs of continued litigation, the parties decided to amicably settle this matter.

6. The two circumstances in which FLSA claims may be compromised are claims that are: 1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. If the settlement meets the afore-mentioned criteria under Lynn's Food Stores, Inc., the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

7. The parties respectfully submit that the proposed settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The agreement was achieved

during lengthy negotiations between the parties conducted by experienced counsel, and resolves all outstanding legal issues between them.

8.      Accordingly, the parties agree that the settlement terms represent a fair and equitable resolution of this matter including attorneys' fees and costs, and resolves all disputes between them, even though the parties dispute liability to each other. A copy of the Settlement Agreement is attached hereto as Exhibit "A". The attorneys' fees and costs were negotiated separately.

**WHEREFORE**, the parties respectfully request that the Court enter an Order: (1) reopening the case; (2) approving the terms of the settlement of Plaintiff's claims; (3) dismissing this action with prejudice; and (4) granting the parties such further relief as the Court deems just and appropriate.

Dated: April 11, 2018

Respectfully submitted,

| | |
|---|---|
| CELLER LEGAL | MICHAEL A. PANCIER, P.A., |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 7450 Griffin Road, Suite 230 | 9000 Sheridan Street, Suite 93 |
| Davie, Florida 33314 | Pembroke Pines, FL 33024 |
| Toll Free:  866-344-9243 X 106 | TEL: (954) 862-2217 FAX: (954) 862-2287 |
| Fax: 954-337-2771 | mpancier@pancierlaw.com |
| Email:  Noah@floridaovertimelawyer.com | |
| | |
| /s/ Noah E. Storch, Esq. | /s/ Michael A. Pancier, Esq. |
| Noah E. Storch, Esq. | Michael A. Pancier, Esq. |
| Fla Bar No. 0085476 | Fla. Bar No. 958484 |

# EXHIBIT "A"

### SETTLEMENT AGREEMENT

This Confidential Settlement Agreement is made and entered into on the date of signature of the last signee, by and between JOCELYN PIERRE (the, "Claimant") and SUPER NICE STS, INC., and RAYMOND GONZALEZ (the "Respondents"). Claimant and Respondents may hereinafter be referred to collectively as the "Parties".

**WHEREAS**, on May 12, 2017, Plaintiff filed a lawsuit in the United States District Court alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by allegedly failing to pay her overtime compensation;

**WHEREAS,** Claimant's case was compelled to arbitration upon which Claimant submitted a Demand for Arbitration to the American Arbitration Association under case number Case Number: 01-17-0003-3150.

**WHEREAS**, Respondents deny that the Claimant is entitled to any relief having asserted that the Claimant was fully paid for all hours worked and was paid for all overtime worked at the appropriate rate as indicated on the time records and pay records and manifests produced to the Claimant and her counsel.

**WHEREAS**, during the course negotiations, given the *de minimis* amount in dispute, in order to avoid the expense and uncertainties of arbitration, a full and complete settlement was reached by the parties; and

**NOW, THEREFORE,** in consideration of the foregoing and the mutual covenants and agreements contained herein, the Parties agree as follows:

1. The Respondent, SUPER NICE STS, INC., shall pay the Claimant, Mr. Pierre, the sum of Two Thousand Five Hundred Dollars ($2,500.00), inclusive of attorney's fees and costs of which $ 1,000.00 shall constitute attorneys' fees and costs.

1


Initials

successors in interest, assignees, affiliated institutions and entities, and their past, present and future officers, directors, trustees, supervisors, members, managers, employees, agents, attorneys and representatives, (collectively "Releasees"), in their individual and official capacities, of and from, any and all claims and demands, past or present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the Claimant and her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims related to the employment of Claimant by Respondents and any and all claims which were actually asserted, or might have been asserted or could have been asserted by the Employee in any demand for arbitration. The Release by the Employee of Releasees includes, but is not limited to:

a. Any and all claims for damages, salary, wages, compensation, overtime compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under any employment contract, employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, backpay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made

Initials

c. A waiver by Employee of any rights of action and administrative and judicial relief which Employee might otherwise have available in the state and federal courts arising from Employee's employment, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

7. Unless otherwise stipulated in this Agreement, each party hereto shall bear their own fees and costs in this litigation.

8. All parties expressly deny any liability whatsoever, and agree that this Agreement is tendered to resolve all issues currently pending. Further, all parties agree that entering into this agreement shall not be construed as admission of any violation of contract, duty, law, ordinance, regulation or any other theory of relief whether federal, state or local.

9. The parties agree that neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Respondent, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. This Settlement Agreement contains the entire agreement between the Parties, and the terms of this Settlement Agreement are contractual and not a mere recital. Except as provided by the terms of this Agreement, all prior discussions, negotiations, understandings, and agreements

5


Initials

16. In the event of a breach of any of the provisions of this Agreement, the breaching party shall pay the reasonable attorney's fees and expenses of the non-breaching party incurred as a result of the breach.

17. **Confidentiality; No Disparaging Comments**.

(a) Claimant agrees that he will not disclose or discuss the terms of the settlement of this action with any other person except (1) to the extent necessary to report income to appropriate taxing authorities; (2) to each party's attorney(s), tax advisor(s), and accountant(s); or (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency. Moreover, in the event that the parties discuss this Agreement with their attorney, accountant, spouse, or tax advisor, it shall be their duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person. No action of the parties shall be taken as a waiver of their right to insist that all parties abide by the non-disclosure terms of this Agreement.

(b) Except in a proceeding to enforce any of the provisions of this Agreement, absent the prior written consent of the Respondent, Claimant, or anyone acting on behalf of Claimant, shall not publicize or disclose to any third party, either directly or indirectly, this Agreement or any of the terms or conditions of this Agreement. If Claimant is served with a subpoena or other legal process requiring the production or disclosure of this Agreement or any of its terms or conditions, then, before complying, he will immediately notify the other party and will use her best efforts to permit the other party a reasonable period of time to intervene and contest disclosure or production.

7

Initials

18. **Older Workers Benefit Protection Act.** In compliance with the Older Workers Benefit Protection Act (P.L. 101-433), Claimant hereby acknowledges, and as to paragraph (f) below Respondent agrees, as follows:

(a) Claimant fully understands this Agreement;

(b) this Agreement specifically applies to any rights or claims that Claimant may have against the Company or any party released herein under the federal Age Discrimination in Employment Act of 1967, as amended;

(c) this Agreement does not purport to waive rights or claims that may arise from acts or events occurring after the date that this Agreement is executed by the parties;

(d) the consideration provided for in this Agreement and the provisions of this paragraph are in addition to that to which Claimant is already entitled;

(e) Claimant has been advised of her right to consult with an attorney prior to signing this Agreement and that he has been given a period of twenty-one (21) days within which to consider whether to sign this Agreement; and

(f) This Agreement shall be revocable for the seven (7) day period following execution of this Agreement by Claimant. Accordingly, this Agreement shall not become effective or enforceable until the expiration of this seven (7) day revocation period.

14. **Voluntary Waiver.** Claimant understands, agrees, covenants, represents and warrants that he has carefully read and understands this Agreement, (and/or has had this Agreement translated and explained to her, if applicable), and agrees that the Respondent has not made any representations other than those contained herein. Claimant also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a FULL AND ABSOLUTE SETTLEMENT AND BAR


Initials

9

**AGREED TO AND ACCEPTED:**

**CLAIMANT**

By:_____
       JOCELYN PIERRE

Date: MARCH 11, 2018

**RESPONDENTS**

By:_____
       SUPER NICE STS, INC.

___Ray Gonzala___
Print Name

Title: Pres + CEO

By:_____
       RAYMOND GONZALEZ

Date: MARCH_____, 2018

11

_____
Initials