UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-CV-21767-CMA

JOCELYN PIERRE, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

SUPER NICE STS, INC. d/b/a
TRANSPORTATION AMERICA, and
RAYMOND GONZALEZ,

      Defendants.

_____/

**JOINT RENEWED MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT
AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff, JOCELYN PIERRE, ("Plaintiff"), and Defendants, SUPER NICE STS, INC., a

Florida corporation, and RAYMOND GONZALEZ, ("Defendants"),  by and through their

undersigned counsel, hereby file this Joint Renewed Motion for Approval of Settlement

Agreement and to Dismiss Case with Prejudice and state the following:

1.      On May 12, 2017, Plaintiff filed the instant lawsuit alleging that Defendants

violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by allegedly failing to

pay him overtime compensation. [DE 1].

2.      On June 6, 2017, Defendants filed an Unopposed Motion to Compel Arbitration

[DE 11] which was granted on the same day [DE 12]. In this Court's June 6, 2017, Order, this

Court held that: "This case is STAYED pending resolution of arbitration. Furthermore, the case is

ADMINISTRATIVELY CLOSED, for statistical purposes only, without prejudice to the

1

substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time."

3.      An arbitration proceeding was then commenced before the American Arbitration Association, ("AAA").

4.      While this matter was pending before the AAA, the parties reached a settlement and now seek to allow the Court to determine the fairness of the settlement.

5.      Defendants in the instant case denied liability towards Plaintiff and contend that he was paid in full for all hours worked and was paid for all overtime worked at the rate of time and one-half.  The Plaintiff and his counsel were provided with all documentation Defendants believe demonstrates that no improper deductions were taken as originally alleged in the complaint.  However,  due to the uncertainties and costs of continued litigation, the parties decided to amicably settle this matter.

6.      The two circumstances in which FLSA claims may be compromised are claims that are:  1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See id.* at 1354-55.  If the settlement meets the afore-mentioned criteria under Lynn's Food Stores, Inc., the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

7.      The parties respectfully submit that the proposed settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA.  The agreement was achieved

during lengthy negotiations between the parties conducted by experienced counsel, and resolves all outstanding legal issues between them.

8.      The proposed settlement breaks down to $ 1,500.00 to Plaintiff of which one-half is to be designated as wages and one-half as liquidated damages, and $ 1,000.00 to Plaintiff's counsel. As seen from the attached ledger (Exhibit "B"),  the $ 1,000.00 allocated to Plaintiff's counsel is less than the $ 3,870.00 in fees and $ 400.00 in costs expended by Plaintiff's counsel.

9.      Accordingly, the parties agree that the settlement terms represent a fair and equitable resolution of this matter including attorneys' fees and costs, and resolves all disputes between them, even though the parties dispute liability to each other. A copy of the Settlement Agreement is attached hereto as Exhibit "A".  The ledger for Plaintiff's counsel's attorneys' fees and costs are attached hereto as Exhibit "B".

**WHEREFORE**, the parties respectfully request that the Court enter an Order:   (1) reopening the case; (2) approving the terms of the settlement of Plaintiff's claims; (3) dismissing this action with prejudice; and (4) granting the parties such further relief as the Court deems just and appropriate.

Dated: April 30, 2018

Respectfully submitted,

CELLER LEGAL                                           MICHAEL A. PANCIER, P.A.,
Attorneys for Plaintiff                                   Attorneys for Defendants
7450 Griffin Road, Suite 230                      9000 Sheridan Street, Suite 93
Davie, Florida 33314                                   Pembroke Pines, FL 33024
Toll Free:  866-344-9243 X 106               TEL: (954) 862-2217 FAX: (954) 862-2287
Fax: 954-337-2771                                       mpancier@pancierlaw.com
Email:  Noah@floridaovertimelawyer.com


         /s/ Noah E. Storch, Esq.                       /s/ Michael A. Pancier, Esq.
Noah E. Storch, Esq.                                     Michael A. Pancier, Esq.
Fla Bar No. 0085476                                     Fla. Bar No. 958484

3

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Confidential Settlement Agreement is made and entered into on the date of signature of the last signee, by and between JOCELYN PIERRE (the, "Claimant") and SUPER NICE STS, INC., and RAYMOND GONZALEZ (the "Respondents"). Claimant and Respondents may hereinafter be referred to collectively as the "Parties".

**WHEREAS**, on May 12, 2017, Plaintiff filed a lawsuit in the United States District Court alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by allegedly failing to pay her overtime compensation;

**WHEREAS**, Claimant's case was compelled to arbitration upon which Claimant submitted a Demand for Arbitration to the American Arbitration Association under case number Case Number: 01-17-0003-3150.

**WHEREAS**, Respondents deny that the Claimant is entitled to any relief having asserted that the Claimant was fully paid for all hours worked and was paid for all overtime worked at the appropriate rate as indicated on the time records and pay records and manifests produced to the Claimant and her counsel.

**WHEREAS**, during the course negotiations, given the *de minimis* amount in dispute, in order to avoid the expense and uncertainties of arbitration, a full and complete settlement was reached by the parties; and

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants and agreements contained herein, the Parties agree as follows:

1.      The Respondent, SUPER NICE STS, INC., shall pay the Claimant, Mr. Pierre, the sum of Two Thousand Five Hundred Dollars ($2,500.00), inclusive of attorney's fees and costs of which $ 1,000.00 shall constitute attorneys' fees and costs.

Initials

1

2.      As a condition precedent to receiving the payments set forth in this paragraph 1, Claimant and her counsel shall provide to the Respondents executed an IRS Form W-9's with their current addresses.

3.      The above payments in paragraph 1 shall be made payable as follows: (a) one check made payable to JOCELYN PIERRE, in the amount of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00), for which a 1099 shall be issued; and (b) one check made payable to Richard Celler Legal, P.A., in the amount of One Thousand Dollars, for attorney's fees and costs, for which a 1099 shall be issued. These payments shall be delivered to Claimant's counsel, Noah E. Storch, upon Respondents' counsel's receipt of a) this signed agreement and b) executed IRS W-9's for Claimant and her counsel and within ten (10) days from an order approving of this settlement by the District Court Judge. The parties' counsel agree to file with the Federal District Court a Joint Motion to re-open case and for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted.

4.      The Parties, their counsel and representatives acknowledge and agree that the existence and terms of this Agreement shall be held confidential and shall not be disclosed to any third parties except as required by law and as required to obtain approval by the district court.

5.      Claimant hereby agrees and recognizes that Claimant will not knowingly apply for or otherwise seek employment with Respondent, SUPER NICE STS, INC., or any of its divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, at any time in the future.

6.      In return for the additional consideration set forth herein, Claimant hereby voluntarily remises, acquits, releases, satisfies and forever discharges, on her own behalf (and on behalf of anyone who could claim by and through him) Respondents and their predecessors and



Initials

2

successors in interest, assignees, affiliated institutions and entities, and their past, present and future officers, directors, trustees, supervisors, members, managers, employees, agents, attorneys and representatives, (collectively "Releasees"), in their individual and official capacities, of and from, any and all claims and demands, past or present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the Claimant and her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims related to the employment of Claimant by Respondents and any and all claims which were actually asserted, or might have been asserted or could have been asserted by the Employee in any demand for arbitration. The Release by the Employee of Releasees includes, but is not limited to:

a. Any and all claims for damages, salary, wages, compensation, overtime compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under any employment contract, employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, backpay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made

Initials

3

whole, injunctive and declaratory relief, interest, attorney's fees, and costs arising from Employee's employment with Company or termination of such employment.

b.     Any and all claims growing out of, resulting from, related to, or connected in any way to Employee's relationship and/or employment, and the termination/separation thereof, with Company and any and all Releasees, including for example any and all claims for handicap or disability discrimination, national origin discrimination, race discrimination, age discrimination, sex discrimination, harassment of any kind, including sexual harassment, retaliation, unequal pay, whistle-blowing, breach of contract, breach of the covenant of good faith and fair dealing, rescission, promises, claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, spoliation, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Fla. Stats., and the Fair Labor Standards Act ("FLSA"), as amended, and any other claim of any kind arising out of Employee's employment with Company or termination of such employment.

4



Initials

      c.  A waiver by Employee of any rights of action and administrative and judicial relief which Employee might otherwise have available in the state and federal courts arising from Employee's employment, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

7.     Unless otherwise stipulated in this Agreement, each party hereto shall bear their own fees and costs in this litigation.

8.     All parties expressly deny any liability whatsoever, and agree that this Agreement is tendered to resolve all issues currently pending.  Further, all parties agree that entering into this agreement shall not be construed as admission of any violation of contract, duty, law, ordinance, regulation or any other theory of relief whether federal, state or local.

9.     The parties agree that neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Respondent, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.    This Settlement Agreement contains the entire agreement between the Parties, and the terms of this Settlement Agreement are contractual and not a mere recital. Except as provided by the terms of this Agreement, all prior discussions, negotiations, understandings, and agreements



Initials

5

between the Parties as to any rights or claims of any party hereunder shall be deemed to be merged into this Settlement Agreement and to be superseded by the terms of this Settlement Agreement. This Settlement Agreement may only be amended or changed by a written agreement signed by the Parties.

11.    All provisions (and all parts of all provisions) of this Settlement Agreement shall be resolved, construed and interpreted according to the plain meaning of the provision. No interpretation-against-drafter rule of construction shall apply to this Agreement, the form and contents of which has been reviewed and approved by respective counsel for the Parties.

12.    This Settlement Agreement shall be construed in accordance with the laws of the State of Florida, and where applicable, federal law, without regard to conflict of law principles.

13.    The Parties each hereby represent and warrant that none of them has assigned, transferred, or otherwise conveyed or purported to assign, transfer or convey to any person or entity any of the rights, remedies, causes of action, claims or demands for damages that they have asserted or could have asserted in the Action.

14.    Except as otherwise provided herein, should any provision of this Agreement be declared void, violable, illegal, unconscionable or unenforceable by any court of competent jurisdiction, this shall not affect the remainder of the Agreement in any manner, which shall remain in full force and effect.

15.    This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their respective officers, directors, parents, subsidiaries, successors in interest, and assigns, whether by merger, consolidation, or otherwise, and upon and to the benefit of their respective present and future affiliated and subsidiary companies and licensees.

6

Initials

16.     In the event of a breach of any of the provisions of this Agreement, the breaching party shall pay the reasonable attorney's fees and expenses of the non-breaching party incurred as a result of the breach.

17.     **Confidentiality; No Disparaging Comments**.

(a)     Claimant agrees that he will not disclose or discuss the terms of the settlement of this action with any other person except (1) to the extent necessary to report income to appropriate taxing authorities; (2) to each party's attorney(s), tax advisor(s), and accountant(s); or (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency. Moreover, in the event that the parties discuss this Agreement with their attorney, accountant, spouse, or tax advisor, it shall be their duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person. No action of the parties shall be taken as a waiver of their right to insist that all parties abide by the non-disclosure terms of this Agreement.

(b)     Except in a proceeding to enforce any of the provisions of this Agreement, absent the prior written consent of the Respondent, Claimant, or anyone acting on behalf of Claimant, shall not publicize or disclose to any third party, either directly or indirectly, this Agreement or any of the terms or conditions of this Agreement. If Claimant is served with a subpoena or other legal process requiring the production or disclosure of this Agreement or any of its terms or conditions, then, before complying, he will immediately notify the other party and will use her best efforts to permit the other party a reasonable period of time to intervene and contest disclosure or production.


Initials

7

(c)    Claimant also specifically agrees not to contact other employees or former employees of the Respondent for the purpose of suggesting to them in any way (or assisting them in any manner) that they should file a claim of any kind against the Company.

(d)    Claimant will be responsible for ensuring that any such individuals are informed they must keep the terms of this Settlement Agreement confidential. In the event that the Claimant breaches this obligation, the non-breaching party may seek judicial intervention to enforce the provision. The prevailing party in such proceeding at all levels shall be entitled to attorney's fees and costs.

(e)    It is agreed that this settlement and/or this Agreement may not be used against the Company in any proceeding unless it is to enforce this Agreement.

(f)    The Parties acknowledge that maintaining each other's good reputation in the community is of paramount importance. Accordingly, the Parties agree that they will not disparage or encourage or induce others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. No party will act in bad faith to induce, encourage or instruct others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. If any party is contacted by any third party related to this arbitration or arising from Claimant's employment with Respondent, that party's sole response must be that the matter was resolved and the Parties agree to say nothing more. Claimant's obligation under this provision extend to any of Respondent's agents, board members, employees, successors, family members, representatives, assigns, directors, related companies, officers, and former employees.

(g)    Respondent shall provide Claimant with a neutral verification of Claimant's employment with Respondent, limited only to Claimant's dates of employment and job title.



Initials

8

18.     **Older Workers Benefit Protection Act.** In compliance with the Older Workers

Benefit Protection Act (P.L. 101-433), Claimant hereby acknowledges, and as to paragraph (f)

below Respondent agrees, as follows:

(a)     Claimant fully understands this Agreement;

(b)     this Agreement specifically applies to any rights or claims that Claimant

may have against the Company or any party released herein under the federal Age Discrimination

in Employment Act of 1967, as amended;

(c)     this Agreement does not purport to waive rights or claims that may arise

from acts or events occurring after the date that this Agreement is executed by the parties;

(d)     the consideration provided for in this Agreement and the provisions of this

paragraph are in addition to that to which Claimant is already entitled;

(e)     Claimant has been advised of her right to consult with an attorney prior to

signing this Agreement and that he has been given a period of twenty-one (21) days within which

to consider whether to sign this Agreement; and

(f)     This Agreement shall be revocable for the seven (7) day period following

execution of this Agreement by Claimant. Accordingly, this Agreement shall not become effective

or enforceable until the expiration of this seven (7) day revocation period.

14.     Voluntary Waiver.     Claimant understands, agrees, covenants, represents and

warrants that he has carefully read and understands this Agreement, (and/or has had this

Agreement translated and explained to her, if applicable), and agrees that the Respondent has not

made any representations other than those contained herein. Claimant also acknowledges that he

enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge

of its significance, and that it constitutes a FULL AND ABSOLUTE SETTLEMENT AND BAR



9

Initials

AS TO ANY AND ALL CLAIMS THEY HAVE, HAD, OR MAY NOW HAVE AGAINST THE COMPANY.   Claimant further acknowledges that he has consulted with an attorney of her choosing prior to signing this Agreement.

20.    Parties Represented by Counsel: This Agreement is not to be construed against any party. All parties were represented by counsel and participated in the drafting of this Agreement.

20.    Enforcement of Agreement: The parties agree that this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida. The parties hereby waive trial by jury in any action brought to enforce any of the terms of this Agreement.

**19.**    This Settlement Agreement may be executed in counterparts. Each counterpart shall be deemed to be an original. All counterparts shall constitute but a single Settlement Agreement. Any executed counterpart returned by fax / email or as .pdf a document shall be deemed an original executed counterpart.

**[SIGNATURES ON FOLLOWING PAGE]**

10

Initials

**AGREED TO AND ACCEPTED:**

**CLAIMANT**

By:_____

JOCELYN PIERRE

Date: MARCH___11___, 2018

**RESPONDENTS**

By:_____

SUPER NICE STS, INC.

_____

Print Name

Title:_____

By:_____

RAYMOND GONZALEZ

Date: MARCH_____, 2018

_____

Initials

11

# EXHIBIT "B"

**Fee and Cost Ledger**

| Date | Timekeeper | Description | Time |
|---|---|---|---|
| 5/9/17 | Richard Celler, Esq.[1] | Review initial documents and prepare collective action complaint | 1.7/$450 per hour |
| 5/12/17 | Richard Celler, Esq. | Review Judge Assignment (ECF No. 2) | .1/$450 per hr. |
| 5/12/17 | Richard Celler, Esq. | Review Notice and Consent to Proceed Before Magistrate (ECF No. 3) | .1/$450 per hr. |
| 5/15/17 | Richard Celler, Esq. | Review Order in Actions Brought Under the Fair Labor Standards Act (ECF No. 5) | .1/$450 per hr. |
| 5/15/17 | Richard Celler, Esq. | Correspond with Defendant's counsel regarding case | .1/$450 per hr. |
| 5/15/17 | Richard Celler, Esq. | Review Arbitration Agreement | .2/$450 per hr. |
| 5/17/17 | Richard Celler, Esq. | Exchange of multiple correspondences with Defendant's counsel regarding class of employees and case | .4/$450 per hr. |
| 5/19/17 | Richard Celler, Esq. | Review Manifests provided by Defendant | 1.5/$450 per hr. |
| 5/23/17 | Richard Celler, Esq. | Prepare motion for extension of time to file statement of claim and proposed order granting same | .3/$450 per hr. |
| 5/23/17 | Richard Celler, Esq. | Exchange of additional correspondence regarding money owed to Plaintiff | .3/$450 per hr. |
| 5/24/17 | Richard Celler, Esq. | Review approximately 350 pages of documents regarding Plaintiff's work hours and manifests | 3.1/$450 per hr. |

---

[1] To ensure that court related matters are timely addressed, Celler Legal generally enters the appearance of more than one attorney of record on a matter.

| 5/24/17 | Richard Celler, Esq. | Review Order Requiring Scheduling Report and Certificates of Interested Parties | .1/$450 per hr. |
|---|---|---|---|
| 6/6/17 | Richard Celler, Esq. | Review Defendant's Motion to Compel Arbitration | .3/$450 per hr. |
| 8/30/17 | Noah E. Storch, Esq. | Correspond with Defendant's counsel regarding resolution | .1/$450 per hr. |
| 8/31/17 | Noah E. Storch, Esq. | Additional correspondence with Defendant's counsel regarding resolution | .1/$450 per hr. |
| 11/2/17 | Noah E. Storch, Esq. | Correspond with Defendant's counsel regarding resolution | .1/$450 per hr. |

**Total Attorney Time Incurred for Richard Celler Legal, P.A.:** 8.3 hours (RC) X $450.00 per hour = $3,735.00 + .3 (NS) X $450 = $135.00 = $3,870.00

**Total Professional Fees: $3,870.00**

**COSTS: $400.00 (filing fee)**

**$3,870.00 (Fees) + $400.00 (costs) =$4,270.00**

**Fees and Costs to be Received Pursuant to Settlement- $1,000.00**